EDMINSTER, Respondent, vs. STURGES, Appellant.

*November 23 — December 14, 1886.*

*Money had and received: Assignment of interest in contract.*

X., having a right under a contract to cut and remove the timber from certain lands, conveyed his interest in such timber to A. Afterwards X. assigned the contract to B. as collateral security for the payment of a debt. After the debt had been paid, B. sold *all of his interest* in the contract to Y. for $500. In an action by A. against B. to recover the $500 paid by Y. the complaint stated the foregoing facts, but did not show that Y. had taken any of the timber or interfered in any way with the plaintiff's rights therein. *Held,* that no cause of action was stated.

APPEAL from the Circuit Court for *Portage* County.

The appeal was taken by the defendant from an order overruling a general demurrer to the complaint. The case stated in the complaint is as follows:

In January, 1880, the Wisconsin Valley Railroad Company, in consideration of $600, granted to C. A. & S. A. Sherman, in writing, the right and privilege to cut and remove from certain lands of that company the pine timber thereon, the same to be taken off by April 1, 1881. The company also assigned to the Shermans its interest in certain logs which had theretofore been taken from the same lands. By subsequent indorsements on the instrument the time for removing the timber was extended to April 1, 1884.

February 9, 1883, the Shermans assigned their interest in the contract with the railroad company to one Benjamin Edminster, who, on July 3 in the same year, duly conveyed, by quitclaim deed, all his interest in such timber to the plaintiff, *Mary E. Edminster.*

In September, 1883, Benjamin Edminster, without the knowledge or consent of the plaintiff, assigned the Sherman contract to the defendant as collateral security for the payment of a debt which the former owed the latter. This debt was afterwards paid. After it was paid the defendant (quoting from the complaint) "did, for the sum of $500 paid to him by one George Whitney, sell, assign, and transfer to said Whitney all of his (the defendant's) interest in and to said contract, without the knowledge, consent, or authority of said plaintiff, and that said transfer or assignment was made during the time that said contract had been extended, and when the assignee of said contract had the right to cut and remove said pine timber."

This action is to recover the $500 so received by the defendant from Whitney. Due demand thereof, and the refusal of the defendant to pay the same to the plaintiff, are alleged.

The cause was submitted for the appellant on the brief of *Raymond & Haseltine,* and for the respondent on that of *Reed & Lines.*

For the respondent it was contended, *inter alia,* that the action was for money had and received by the defendant, which in equity and good conscience he ought to pay to the plaintiff. By bringing this action the plaintiff affirmed the contract between the defendant and Whitney, and Whitney, by such affirmance, acquired all of plaintiff's rights in the timber.

LYON, J. Under the averments of the complaint the right to cut and remove the timber in question, at the time the defendant assumed to assign his interest therein to Whitney, was in the plaintiff. Assuming that the assignment by Benjamin Edminster to the defendant conveyed to the latter the right to cut and remove the timber, that right and any interest the defendant may have had in the contract or timber, was terminated by the payment of the debt which the assignment was made to secure.

The right thus being in the plaintiff, and the defendant having received $500 from Whitney as the consideration for the assignment above stated, the plaintiff claims that the defendant has sold and conveyed her property, and that, in justice and equity, she ought to recover the consideration which he received therefor. If he sold the plaintiff's property without authority and received the price therefor, it is quite probable that she might ratify the sale and recover of the defendant the consideration which he received therefor. But the complaint fails to show that the defendant assumed or attempted to sell the plaintiff's property. It only shows that he sold his interest therein. It is a naked quitclaim of such interest, without any attempt to convey the interest of the plaintiff. The defendant had no interest in the contract or timber, and hence no interest therein passed under this assignment to Whitney.

Had Whitney cut or removed any portion of the timber, or had he taken possession thereof under his assignment from the defendant, a different question would be presented. But the complaint fails to show that he has had any of the timber, or the possession, or has ever interfered to prevent the plaintiff from cutting and removing it, or asserted any rights therein under his purchase. Indeed, it is not negatived that the plaintiff has taken the timber, as she had the right to do.

It may be that there was something in the transactions between the defendant and Whitney which gives the latter a right of action for the $500 which he paid the defendant, but certainly this complaint fails to show that, in justice and equity, the defendant ought to pay the $500 over to the plaintiff.

The order must be reversed, and the circuit court directed to sustain the demurrer.

*By the Court.*— Ordered accordingly.